IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MATTHEW CHILDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:21-cv-771 |
| | § | |
| PERFICIENT, INC. | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

## COMPLAINT

MATTHEW CHILDS, Plaintiff, files this Complaint and Jury Demand against PERFICIENT, INC., (hereinafter referred to as "Perficient" or "Defendant"), and for cause of action would respectfully show the Court the following:

## I.
## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff MATTHEW CHILDS is a resident of Williamson County, Texas.

2. Defendant PERFICIENT, INC. is a federally chartered credit union which can be served with Citation through its Registered Agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

3. This Court has jurisdiction to hear the merits of Mr. Childs' claims under 28 U.S.C. §1331. The Court has supplemental jurisdiction over Mr. Childs' claims arising under Texas statutory law under 28 U.S.C. §1367.

4. Venue is proper in this district and division under 28 U.S.C. §1391(b)(1) because a substantial portion of the events giving rise to this action occurred in this division and district.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On May 15, 2020, within 180 days of his termination on April 9, 2020, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, which was cross filed with the Texas Workforce Commission Civil Rights Division. Plaintiff is filing this lawsuit within 90 days of receiving his Dismissal and Notice of Rights from the U.S. Equal Employment Opportunity Commission.  No notice of right to sue is needed for a claim under the Texas Commission of Human Rights Act, and this lawsuit is being filed within two years of Mr. Childs' Charge being filed with the Texas Workforce Commission Civil Rights Division.

## III.
## FACTS

6. Plaintiff, Matthew Childs, began working for Perficient in 2018 as Director of Customer Experience. In August 2019 he was promoted to Director of Brand Experience, and was promoted again in January 2020, to a Managing Director position. In the Managing Director position, Mr. Childs supervised a team of 35 employees. Mr. Childs is 62 years old.

7. During Mr. Childs' employment with Perficient, he was referred to as "old man" by his supervisor, Grant Davies, and told of other employees who were dying their hair because it was important to look younger at the company.  Vice President Ed Hoffman and Operations Director Al Skelton both spoke frequently about the need for Perficient to have a more youthful staff, saying things like younger people to bring "new ideas" to the group, and lamented the fact that, as they saw it, the company was relying too heavily on "senior people."  Grant Davies echoed these sentiments.  Mr. Childs also observed that younger-looking employees were chosen to make pitches that involved creativity to make the company look more hip.

8. On April 9, 2020, without any advance notice or warning, Perficient terminated Mr. Childs' employment. The only reason he was given was that he did not "fit in with the culture." After Perficient terminated Mr. Childs, it replaced him with a significantly younger employee.

## III.
## CAUSES OF ACTION
## Age Discrimination - ADEA and TCHRA

9. The conduct of the Defendant towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities constitutes age discrimination, in direct violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq., and §21.001, et. seq., Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

> "An employer commits an unlawful employment practice if...the employer...discriminates against an individual...or...classifies an employee...in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee."

10. Plaintiff's age was a cause of Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment. Plaintiff's age moved Defendant toward its employment decisions as to Plaintiff. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## IV.
## DAMAGES

11. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits

in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.
## COMPENSATORY DAMAGES

12. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of his age. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.
## PUNITIVE DAMAGES

13. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.
## LIQUIDATED DAMAGES

14. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff and described in §IV, supra.

## VIII.
## ATTORNEYS' FEES AND EXPERT FEES

15. A prevailing party may recover reasonable attorneys' and experts' fees under the ADEA and TCHRA. Plaintiff seeks all reasonable and necessary attorneys' fees in this case,

including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## IX.
## JURY DEMAND

16. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6. The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff. Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF